UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ANDRO MONTERREY,   Case No.
    *Plaintiff*,

v.

PI COMMUNICATIONS SPECIALIST, LLC,
a Florida Limited Liability Company, DAVID
C. CORSO, individually, and WENDY CORSO,
individually.
    *Defendants*.
_____/

# COMPLAINT

Plaintiff, ANDRO MONTERREY ("MONTERREY" or "Plaintiff"), by and through his undersigned attorney, hereby files this Complaint against Defendants, PI COMMUNICATIONS SPECIALIST, LLC ("PICS"), DAVID C. CORSO ("DC"), individually, and WENDY CORSO ("WC") (collectively "Defendants"), and says:

## JURISDICTION AND VENUE

1.    This action is brought against Defendants pursuant to 29 U.S.C. § 201, et seq. (hereinafter the "Fair Labor Standards Act", or the "FLSA") and Florida Statute 448.110 ("Florida Minimum Wage Act").

2.    Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 201, et seq., 29 U.S.C. § 216(b), 28 U.S.C. §1331, and 28 U.S.C. §1367.

3.    Venue is proper in the Southern District of Florida, pursuant to 28 U.S.C. §§ 1391(b) and (c), because Plaintiff was employed by Defendants in this District; because Defendants, at all material times, conducted and continue to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims happened within the Southern District of Florida; and because Defendants are subject to personal jurisdiction herein.

4. All conditions precedent to this action have been performed or waived. Plaintiff contacted Defendants to seek payment under and Florida law more than fifteen days prior to the filing of this suit.

## PARTIES

5. Plaintiff is a resident of Miami-Dade County, Florida.

6. During all times relevant to this Complaint, PICS employed Plaintiff at Defendant's business located in Broward County at 6861 Cody Street, Hollywood, Florida 33024.

7. Plaintiff worked for Defendants on or about March 2018 and remained employed until on or about June 2019.

8. No contract exists with Defendants and Plaintiff as an independent contractor.

9. Plaintiff's work with PICS was open-ended.

10. Plaintiff did not possess a license for the work he performed for PICS.

11. On a daily basis, each morning, PICS assigned work to Plaintiff for his personal performance.

12. Plaintiff's job responsibilities included reviewing PICS' emails assigning daily work, assessing survey locations, driving to surveys locations, measuring locations, preparing reports in the form required by PICS, and responding to emails and/or phone calls.

13. Plaintiff was an "employee" as defined by 29 U.S.C. § 203(e) and covered as an individual under the FLSA.

14. Plaintiff did not manage any employees at PICS.

15. Plaintiff used the forms and processes prescribed by PICS and/or its customer, Decisive Communications, Inc. ("Decisive").

16. Plaintiff was a non-exempt employee, eligible for overtime compensation for all hours worked over 40 hours in a given workweek.

17. PICS is a Florida Limited Liability Company, registered to do business within Florida, with a mailing address of 6861 Cody Street, Hollywood, Florida 33024.

18. Decisive is located at 9416 Doctor Perry Road, Ijamsville, Maryland 21754. Comcast Cable Communications LLC ("Comcast") is located at 1500 Market Street, Philadelphia, Pennsylvania 19102. Decisive and/or Comcast retained PICS to perform services surveying and/or installing telecommunication, internet, broadband, and/or fiber cables in residential and commercial locations.

19. PICS has, at all times material hereto, conducted substantial and continuous business as an organization providing services related to telecommunications, wireless and broadband internet, installation and wiring, within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

20. At all times relevant hereto, PICS was a covered employer under the FLSA 29 U.S.C. §§ 203(d) and (s)(1) in that it had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

21. At all times material to this Complaint, PICS has had two (2) or more employees who regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce and therefore has employees subject to the provisions of the FLSA, 29 U.S.C. §203.

22. PICS, upon knowledge and belief, has gross revenue that exceeds $500,000 for each of the past three years and/or provides services in the flow of commerce across state lines.

23. Defendant DC owned and operated PICS at all times material hereto, and upon information and belief, is a resident of Broward County, Florida. The Florida Department of State Division of Corporations lists DC as Registered Agent and "MGRM" of PICS.

24. Defendant WC operated PICS at all times material hereto, and upon information and belief, is a resident of Broward County, Florida. The Florida Department of State Division of Corporations lists WC as "MGR" of PICS.

25. Defendant DC acted and acts directly in the interests of PICS in relation to its employees. DC had and exercised the authority to hire and fire employees, set the pay rate for the employees, and control the finances and operations of PICS. Thus, DC was and is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and Florida Statute 448.109(1)(a).

26. Defendant WC acted and acts directly in the interests of PICS in relation to its employees. WC had and exercised the authority to hire and fire employees, set the pay rate for the employees, and control the finances and operations of PICS. Thus, WC was and is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and Florida Statute 448.109(1)(a).

27. Defendant failed to properly classify Plaintiff as an employee, rather than an independent contractor, throughout his employment, because the manner in which he was to perform his work was dictated by DC and/or WC, he was personally required to perform the work, he held no licenses of any kind to perform the work, and the majority of employers hire and pay individuals performing the same work as non-exempt employees.

## GENERAL ALLEGATIONS

28. Defendants employed Plaintiff, who was subject to the payroll practices and procedures set forth hereinafter.

29. DC and/or WC supervised Plaintiff's work, providing feedback, deadlines, and assignments for his work to be completed in specific timeframes.

30. Plaintiff performed the same work for his prior employer, as a non-exempt employee paid via W2.

31. Plaintiff regularly worked in excess of 40 hours during one or more workweeks within three years of the filing of this Complaint.

32. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay overtime for those hours worked over 40 in a work-week.

33. During the entirety of Plaintiff's employment with Defendants, Plaintiff worked an average of approximately 75 hours per week.

34. Defendants improperly paid Plaintiff a rate of $18 per survey.

35. Each survey took approximately 45 minutes.

36. Plaintiff's effective rate of pay was $24 per hour.

37. Plaintiff's effective overtime rate was $36 per hour.

38. Defendants failed to track Plaintiff's hours.

39. Defendants failed to pay Plaintiff for all hours worked.

40. Defendants failed to pay Plaintiff for his hours worked over 40 in one workweek.

41. Defendants failed to pay Plaintiff for any work performed from May 2019 until June 2019.

42. Plaintiff submitted "invoices" for hours he worked for Defendants.

43. Plaintiff complained to Defendants, specifically to WC, about unpaid work completed for PICS.

44. After Plaintiff complained of unpaid wages, WC reduced Plaintiff's assignments, and therefore his pay.

45. Plaintiff contacted Decisive about unpaid work completed for PICS, ultimately completed for Decisive and/or Decisive's customer(s) Comcast.

46. Decisive acknowledged receipt of Plaintiff's complaint of unpaid work.

47. Defendants terminated Plaintiff's employment, in direct retaliation of his complaints of wage theft.

48. Rather than paying Plaintiff owed wages, PICS retained counsel, Michelle Cohen Levy ("MCL") of The Law Office of Michelle Cohen Levy, P.A.

49. MCL threatened to sue Plaintiff for "an injunction, and pursue for inter alia tortious inference with a contractual and business relationship. Further, if you continue to contact Decisive, Inc. or Comcast, PICS will be left with no alternative but to withhold any additional payment to you. GOVERN YOURSELF ACCORDINGLY." (*See Composite Exhibit A*, MCL letters dated August 12, 2019 and October 3, 2019)

50. MCL continued to threaten Plaintiff, "if you do not immediately cease and desist from contacting Decisive, Inc. and Comcast regarding any dispute you have with PICS relating to the payment of invoices, PICS will file a lawsuit against you, seek an injunction, and pursue for inter alia tortious inference with a contractual and business relationship…..However, if PICS learns that you contact Decisive, Inc. or Comcast, PICS will stop all payments and proceed with a

lawsuit against you." (*See Composite Exhibit A*, MCL letters dated August 12, 2019 and October 3, 2019).

51. MCL is a witness to this lawsuit, as she engaged in conduct tantamount to retaliation under FLSA and the Florida Minimum Wage Act, and, at a minimum, created a chilling impact to discourage Plaintiff from seeking unpaid wages.

52. Defendants owe Plaintiff nearly $10,000.00 in work performed, but not paid.

53. Defendants and their representatives knew Plaintiff performed this work because he reported to work in the mornings to obtain his daily assignments, appeared at survey locations, and completed surveys using Decisive forms. Defendants chose not to pay for this work.

54. Defendants and their representatives know Federal law requires employers to compensate employees at least the prevailing minimum wage.

55. Defendants and their representatives know Florida law requires employers to compensate employees at least the prevailing minimum wage in the state of Florida.

56. Defendants never paid Plaintiff any overtime wages for any hours more than 40 hours in any given workweek.

57. Defendants and their representatives knew Plaintiff was working overtime, and that Federal law requires employers to compensate employees at time and one-half per hour for overtime.

58. Records, if any, concerning the number of hours actually worked by Plaintiff, are in the possession, custody, and control of Defendants.

59. Defendants maintained complete control over the hours Plaintiff worked, projects assigned to him, and the pay he was to receive.

60. At all times during the course of his employment with PICS, Plaintiff's work performance had been more than satisfactory.

61. Plaintiff had no reprimands, verbal or written, in his employee file.

62. Plaintiff retained the undersigned firm to prosecute this action on his behalf and Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this Action.

## COUNT I – FLSA MINIMUM WAGE VIOLATION
## (AGAINST ALL DEFENDANTS)

63. Plaintiff re-alleges and re-avers paragraphs 1 – 62 as fully set forth herein.

64. During the course of Plaintiff's employment, Defendants willfully violated the FLSA [29 U.S.C. § 206] by employing Plaintiff to work and failing to make any payment, therefore, failing to pay the prevailing minimum wage in the United States of $7.25 per hour.

65. Defendants assigned work to Plaintiff and were aware of his hours worked by his emails, communications, and reports.

66. Plaintiff sought the payment of his wages directly with PICS.

67. Defendants, through their attorney, MCL, refused to pay wages, stating explicitly that they would not pay wages earned, if Plaintiff did not comply with certain demands.

68. Defendants have knowingly and willfully failed to pay Plaintiff any wages for a period of at least two months.

69. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorney's fees.

70. As a result of Defendants' willful violations of the FLSA, Plaintiff is entitled to liquidated damages.

71. Plaintiff has retained the undersigned counsel to represent him in this action, and §216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action from Defendants.

**WHEREFORE**, Plaintiff ANDRO MONTERREY requests judgment for:

a) Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendants' violation of the FLSA.

b) Interest on the amount found due;

c) Liquidated damages;

d) Assessment against Defendants of reasonable costs and reasonable attorney's fees of this action; and

e) Such other relief as the Court deems just and proper.

## COUNT II – VIOLATION OF FLSA/OVERTIME
## (AGAINST ALL DEFENDANTS)

72. Plaintiff re-alleges and re-avers paragraphs 1 – 62 as fully set forth herein.

73. During the course of Plaintiff's employment, Defendants willfully violated the provisions of the FLSA [29 U.S.C. § 207] by employing workers engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at a rate not less than one and one half times the regular rates for which they were employed.

74. During the entirety of Plaintiff's employment, Plaintiff worked an average of approximately 75 hours per week. Defendants never paid overtime.

75. Plaintiff was not exempt from the overtime provision of the FLSA pursuant to 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or professional employee.

76. Defendants knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of 40 per week during the relevant time period.

77. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorney's fees.

78. Defendants knew Plaintiff was not exempt from overtime but refused to compensate him for hours worked in excess of 40 hours for each workweek.

79. As a result of Defendants' willful violations of the FLSA, Plaintiff is entitled to liquidated damages.

80. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action from Defendants.

**WHEREFORE**, Plaintiff ANDRO MONTERREY requests judgment for:

a) Overtime payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendants' violation of the FLSA.

b) Interest on the amount found due;

c) Liquidated damages;

d) Assessment against Defendants of reasonable costs and reasonable attorney's fees of this action; and

e) Such other relief as the Court deems just and proper.

### COUNT III – FLSA VIOLATION RETALIATION (AGAINST ALL DEFENDANTS)

81. Plaintiff re-alleges and re-avers paragraphs 1 – 54 as fully set forth herein.

82. During the course of Plaintiff's employment, Defendants willfully violated the provisions of the FLSA [29 U.S.C. § 206-7] by employing Plaintiff for work without any compensation and for employing Plaintiff in excess of 40 hours at a rate not less than one and one half times the regular rates for which he was employed.

83. Plaintiff requested payment of his wages for hours worked, but Defendants refused.

84. Defendants chose to retain counsel and refuse to compensate Plaintiff, instead.

85. Defendants terminated Plaintiff's employment and threatened to sue him if he persisted in his wage theft claims in violation of 29 U.S.C. § 215(a)(3).

86. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorney's fees.

87. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action from Defendants.

**WHEREFORE**, Plaintiff ANDRO MONTERREY requests judgment for:

a) Compensation to Plaintiff for lost wages, benefits, and other remuneration;

b) Interest on the amount found due;

c) Liquidated damages;

d) Assessment against Defendants of reasonable costs and reasonable attorney's fees of this action; and

e) Such other relief as the Court deems just and proper.

**COUNT IV – FLORIDA MINIMUM WAGE VIOLATION**
**(AGAINST ALL DEFENDANTS)**

88. Plaintiff re-alleges and re-avers paragraphs 1 – 62 as fully set forth herein.

89. During the course of Plaintiff's employment, Defendants willfully violated the Florida Statute 448.110 ("Florida Minimum Wage Act") by employing Plaintiff to work and failing to make any payment, therefore, failing to pay the prevailing minimum wage in Florida of $8.46 per hour.

90. Defendants assigned work to Plaintiff and were aware of his hours worked.

91. Plaintiff sought the payment of his wages directly with PICS.

92. Defendants, through their attorney, MCL, refused to pay wages, stating explicitly that they would not pay wages earned and not paid, if Plaintiff did not comply with certain demands.

93. Defendants knowingly and willfully failed to pay Plaintiff any wages for a period of at least two months. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorney's fees.

94. Because of Defendants' willful violations of the Florida Minimum Wage Act, Plaintiff is entitled to liquidated damages.

95. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to The Florida Minimum Wage Act, Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action from Defendants.

**WHEREFORE**, Plaintiff ANDRO MONTERREY requests judgment for:

a) Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendants' violation of the Florida Minimum Wage Act.

b) Interest on the amount found due;

c) Liquidated damages;

d)  Assessment against Defendants of reasonable costs and reasonable attorney's fees of this action; and

e)  Such other relief as the Court deems just and proper.

## COUNT V – VIOLATION OF FLORIDA MINIMUM WAGE RETALIATION (AGAINST ALL DEFENDANTS)

96. Plaintiff re-alleges and re-avers paragraphs 1 – 62 as fully set forth herein.

97. Plaintiff complained to WC that PICS did not pay for his work performed.

98. Defendants reduced Plaintiff's hours and assignments in retaliation for this complaint.

99. Plaintiff again complained to WC that he was not paid for his wages, or wage theft.

100. Defendants terminated Plaintiff because of his complaints of wage theft.

101. MCL, on behalf of PICS, WC, and DC, refused to pay unpaid wages to Plaintiff, and threatened to sue Plaintiff, if he continued to contact business partners for the payment of his wages.

102. At all times during the course of his employment with Defendants, Plaintiff's work performance has been more than satisfactory. Plaintiff had no reprimands, verbal or written, in his employee file.

103. Pursuant to Florida Statute 448.110(5), Plaintiff is protected from being discharged or discriminated against for Complaining about violations of the Florida Minimum Wage Act.

104. Because of Defendants' effective wrongful discharge of Plaintiff, Plaintiff has been damaged in that Plaintiff has suffered lost wages and benefits.

105. Defendant's conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights under the Florida Minimum Wage Act, Plaintiff is entitled to liquidated damages.

106. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to Florida Statute 448.110, Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action from Defendants.

**WHEREFORE,** Plaintiff ANDRO MONTERREY requests judgment for:

f) Compensation to Plaintiff for lost wages, benefits, and other remuneration;

g) Interest on the amount found due;

h) Liquidated damages;

i) Assessment against Defendants of reasonable costs and reasonable attorney's fees of this action; and

j) Such other relief as the Court deems just and proper.

### JURY TRIAL DEMAND

Plaintiff ANDRO MONTERREY hereby demands a trial by jury on all issues contained herein so triable as a matter of right.

Dated: March 13, 2020.                    Respectfully submitted,

/s/ Tara E. Faenza, Esq.
D. Porpoise Evans, Esq. (FBN 0576883)
pevans@pbyalaw.com; eservicemia@pbyalaw.com
Tara E. Faenza, Esq. (FBN 106928)
tfaenza@pbyalaw.com; eservicemia@pbyalaw.com
**PERLMAN, BAJANDAS, YEVOLI
 & ALBRIGHT, P.L.**
283 Catalonia Avenue, Suite 200
Coral Gables, FL 33134
Telephone: (305) 377-0086
Facsimile: (305) 377-0781
*Attorneys for Plaintiff*

## VERIFICATION

Under penalties of perjury, I declare that I have read the foregoing and that the facts alleged are true and correct to the best of my knowledge and belief.

Signed this 12 day of March, 2020.

_____
Andro Monterrey, Plaintiff

STATE OF Florida

COUNTY OF Miami-Dade.

The foregoing instrument was acknowledged before me this 12 th day of March, 2020 by ANDRO MONTERREY who is personally known to me (yes or no) or who has produced a FL driver's license as identification.

_____
Notary Public Jennory Zuluaga
My commission expires: 4/21/2021.

**JENNORY ZULUAGA**
MY COMMISSION # GG093156
EXPIRES April 21, 2021